UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | : **COMPLAINT** |
| | : |
| Plaintiff, | : Civil Action No. |
| v. | |
| | : 15-cv- |
| MANNA 2ND AVENUE LLC dba GINA LA FORNARINA, MANNA MADISON AVENUE LLC dba GINA LA FORNARINA, MANNA AMSTERDAM AVENUE LLC dba GINA LA FORNARINA, and PAOLA PEDRIGNANI, Individually and as Owner, | : : : |
| Defendants. | |

-----------------------------------------------------------------

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

1

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant MANNA 2ND AVENUE LLC doing business as GINA LA FORNARINA ("MANNA 2ND") is a corporation organized under the laws of the State of New York, having its process address at 44 East 92nd Street, Suite 4B, New York, NY 10128, and having its principal place of business at 1575 2nd Avenue, New York, NY 10028, within the jurisdiction of this court, where it is engaged in the business of operating a restaurant.

5. Defendant MANNA MADISON AVENUE LLC doing business as GINA LA FORNARINA ("MANNA MADISON") is a corporation organized under the laws of the State of New York, having its process address at 44 East 92nd Street, Apt 4B, New York, NY 10128, and having its principal place of business at 26 East 91st Street, New York, NY 10128, within the jurisdiction of this court, where it is engaged in the business of operating a restaurant.

6. Defendant MANNA AMSTERDAM AVENUE LLC doing business as GINA LA FORNARINA ("MANNA AMSTERDAM") is a corporation organized under the laws of the State of New York, having its process address at 44 East 92nd Street Apt 4B, New York, NY 10128, and having its principal place of business at 279 Amsterdam Avenue, New York, NY 10023, within the jurisdiction of this court, where it is engaged in the business of operating a restaurant.

7. The defendant businesses referenced in paragraphs 4 through 6 above (collectively the "corporate defendants") have regulated the employment of all persons employed

2

by them, acted directly and indirectly in the companies' interest in relation to the employees, and thus are employers of the employees within the meaning of Section 3(d) of the Act.

8. Defendant PAOLA PEDRIGNANI is the President and owner of defendants MANNA 2ND, MANNA MADISON, and MANNA AMSTERDAM and is in active control and management of all the corporate defendants. Defendant PAOLA PEDRIGNANI has authority to and does hire, fire, supervise, set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of all of the corporate defendants in relation to employees during the relevant time period. She is thus an employer of the employees within the meaning of Section 3(d) of the Act. Defendant PAOLA PEDRIGNANI resides in New York County, New York, within the jurisdiction of this Court.

**Defendants Are an Enterprise Engaged in Commerce**

9. The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

10. Defendants are engaged in operating restaurants doing business as different locations of "Gina la Fornarina." The corporate defendants share a single website, http://www.ginany.com, which includes a single set of menus for all locations. Employees of Defendants performed the same work for more than one of the corporate defendants in the same workweek and pay period.

11. The corporate defendants share the same management, including a general manager, manager, and bookkeeper.

12. The corporate defendants have common and centralized operational management and ownership by individual defendant Paola Pedrignani, who, upon information and belief, is the president and owner of all corporate defendants.

13. The enterprise (and each individual defendant corporation) has had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint. The enterprise has employees handing, selling, and working on goods or materials that have been moved in or produced for commerce, such as truffle oil, cheese, and Maine lobster. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## Defendants' Pay and Recordkeeping Practices

Multiple Locations

14. At all relevant times through at least November 2013, Defendants assigned many employees to work at the different Gina La Fornarina locations. For example, records show that in almost every workweek between June 2012 and July 2013, one employee worked at both the Manna 2nd and Manna Amsterdam locations in the same workweek.

15. At all relevant times beginning in or before May 2012 through at least November 2013, many of Defendants' employees worked at two or more Gina la Fornarina locations for a combined total work hours in excess of 40 hours per week.

16. At all relevant times beginning in May 2012 through at least November 2013, Defendants' employees who worked in excess of 40 hours per week at two or more Gina la Fornarina locations were not paid overtime at one and one-half times their regular rate for hours over 40.

4

17.     At all relevant times, employees were hired and fired by joint management of the three corporate defendants and employees were not hired or fired separately by each corporate defendant to which they were assigned to work.

18.     At all relevant times, employees were under the management of the joint owner, Defendant Pedrignani, the General Manager, and the Manager regardless of which Gina La Fornarina locations they were assigned to work at in a given week.

Multiple Pay Rates

19.     At all relevant times beginning in or before May 2012, Defendants paid some employees two or more different hourly rates in a single week. When hours at each pay rate in a single workweek were combined, some employees worked in excess of 40 hours per week.

20.     In many weeks, employees who worked in excess of 40 hours per week when their work at different pay rates is combined were not paid overtime at one and one-half times their regular rate for hours over 40.  For example, records show that in the July 21, 2013 pay period, one employee at Manna Amsterdam worked 39.25 hours for a pay rate of $11.00 per hour and an additional 10 hours at a pay rate of $10.00 per hour. She was not paid an overtime premium of one and one-half times her regular rate for the hours in excess of 40.

21.     Some employees, including those who worked at more than one pay rate and more than one location within the same pay period, were not paid an overtime premium of one and one-half times their regular rate for hours in excess of 40.

22.     Some employees were paid by separate checks for hours in a single workweek in excess of 40. Hours recorded on the separate paychecks were not aggregated to determine the number of hours worked in excess of 40. These employees were not paid an overtime premium of one and one-half their regular rate for hours in excess of 40.

23. Some tipped employees were not paid the correct premium for hours in excess of 40 because their overtime pay was not calculated by multiplying the applicable minimum wage per hour by 1.5 and subsequently subtracting the tip credit.

Salaried Kitchen Workers

24. At all relevant times beginning in or before May 2012, Defendants paid at least five food preparation employees a set salary per week regardless of the number of hours worked Monday through Sunday of the week. These five employees were primarily engaged in salad and pizza preparation and typically worked 60 hours per week.

25. As a result of receiving a set salary for all hours worked Monday through Sunday of the week, Defendants did not pay these food preparation employees one and one half times their regular rate of pay when they worked in excess of 40 hours per week. These violations are ongoing.

Recordkeeping

26. At all relevant times beginning in or before May 2012, Defendants did not maintain accurate and complete records of all hours worked by some employees.

27. At all relevant times beginning in or before May 2012 through at least May 2013, Defendants paid employees who worked at more than one Gina la Fornarina location in a single workweek with separate paychecks. Defendants failed to keep records of the total daily and weekly hours worked across locations.

28. At all relevant times beginning in or before May 2012 through at least May 2013, Defendants did not maintain accurate records of the regular hourly rates of pay for five food preparation employees who were paid set salaries each week.

29. At all relevant times after May 2012, Defendants instructed at least one salaried employee not to clock in and out accurately on every day on which he worked and paid him in cash for some hours or days worked.

<u>Minimum Wage</u>

30. Payroll records show that for at least the period of June and July, 2013, Defendants paid at least one employee less than the applicable statutory minimum rate prescribed in Section 6 of the Act, 29 U.S.C. § 206(a).

### FIRST CAUSE OF ACTION
### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

31. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 29 of the Complaint.

32. Defendants in many workweeks willfully have violated the provisions of sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

33. As set forth above, the records show that Defendants willfully have violated the provisions of sections 7 and 15(a)(2) of the Act by failing to pay at least four tipped employees one and one-half their regular rate of pay for hours worked in excess of 40 at a single location in a single pay period.

34. Defendants willfully have violated the provisions of sections 7 and 15(a)(2) of the Act, in that Defendants failed to aggregate hours worked by employees across locations as prescribed by the Regulations issued and found at 29 C.F.R. Part 791. Many employees of

Defendants regularly worked in excess of 40 hours aggregated across the Gina La Fornarina locations each workweek. Defendants compensated employees who worked more than 40 hours at multiple locations regular hourly rates for all hours worked in a workweek. Defendants did not pay any additional premiums of one and one-half the employees' regular rates for hours worked by employees in excess of 40 in a workweek at multiple locations. Similar violations

35. Some employees of Defendants regularly worked in excess of 40 hours each workweek at more than one hourly rate within the single workweek. Defendants compensated employees who worked in excess of 40 hours at more than one pay rate regular hourly rates for all hours worked. Defendants did not pay any additional premiums of one and one-half employees' regular rates for hours worked in excess of 40 in a workweek when some of the hours were accrued at one hourly wage rate and some were accrued at another hourly wage rate.

36. At least five employees of Defendants employed preparing food regularly worked approximately 60 hours each workweek. Defendants compensated these employees who worked over 40 hours in each workweek with a set salary regardless of number of hours worked. Defendants did not pay any additional premiums of one and one-half the employees' regular rates for hours worked in excess of 40 in a workweek.

37. Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

38. As described herein, Defendants' actions have been willful. Payroll records show that some employees who worked at a single location and single hourly wage rate were paid overtime for hours over 40 in a workweek. Defendants attempted to simulate compliance by

paying employees for their hours worked in excess of 40 in a workweek via paycheck from separate companies, separate paychecks from one company, or in cash.

## SECOND CAUSE OF ACTION
### Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage

39. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 30 of the Complaint.

40. Defendants willfully have violated the provisions of sections 6 and 15(a)(2) of the Act by paying at least one of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum wage prescribed in section 6 of the Act, specifically by paying at least one employee an hourly rate of $7.00.

41. Therefore, Defendants are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act.

## THIRD CAUSE OF ACTION
### Violation of Sections 11(c) and 15(a)(5) of the FLSA

42. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 29 of the Complaint.

43. Defendants willfully have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516. More specifically, Defendants failed to keep adequate and accurate records of many of their

employees' actual daily and weekly hours of work, regular hourly rate of pay, and total weekly overtime payments.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5)of the Act;

2. An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:   June 16, 2015
         New York, New York

        s/ M. Patricia Smith
        M. PATRICIA SMITH
        Solicitor of Labor


        s/ Jeffrey S. Rogoff
        JEFFREY S. ROGOFF
        Regional Solicitor


        s/ Micole Allekotte
        MICOLE ALLEKOTTE
        Trial Attorney

        U.S. Department of Labor,
        *Attorneys for Plaintiff Secretary of Labor*

        U.S. Department of Labor
        Office of the Regional Solicitor
        201 Varick Street, Room 983
        New York, NY 10014
        (646) 264-3697
        (646) 264-3660 (fax)
        Allekotte.micole.a@dol.gov
        NY-SOL-ECF@dol.gov
        Secretary of Labor, Plaintiff

# EXHIBIT A

| | |
|---|---|
| Amadeo | Acho |
| Erik | Acho Hilario |
| Munir | Agushi |
| Gaspar | Ajanel |
| Andrew | Alexander |
| Atenogenes | Aparicio Heras |
| Luis | Aparicio Urdininea |
| Santiago | Avecillas |
| Bertan | Bajrami |
| Masa | Balandzic |
| Riad | Bassem |
| Clay | Calle Jara |
| Efrain | Camargo |
| Valente | Candia |
| Andrei | Caramfil |
| Severo | Cardoso |
| Amy Teresa | Connell |
| Manuel | Cormelio |
| Joseph | Dega Bday |
| Timmy | Dema |
| Aine | Dempsey |
| Kustrim | Demukaj |
| Benjamin | Dionisio |
| Sosimo | Dionisio |
| Cristian | Encutu |
| Angel | Espinoza |
| Alfonso | Fierro |
| Carlos | Flores |
| Victor | Fuentes |
| Bledar | Gani |
| Milos | Gemaljevic |
| Nikolay | Georgiev |
| Jesus | German |
| Crescenciano | Gomez |
| Raul | Gomez |
| Miguel | Gonzalez |
| Dean | Gregoric |
| Moises | Guerrero |
| Dolker | Gurrung |
| Pedro | Gutierrez |
| Richard Sandor | Horvath |
| Korab | Hoxha |

| | |
|---|---|
| Sandor | Hunor |
| Ricardo | Iriogyen Flores |
| Said | Jiminez |
| Indrit | Kormaku |
| Kristina | Kotevska |
| Jamie | Leal |
| Jorge | Louis |
| Denis | Loxha |
| Juan Jose | Macareno |
| Shkodran | Maloku |
| Victor | Marcelino |
| Jose | Martinez |
| Miguel | Martinez |
| Jetmir | Mekshi |
| Julian | Melendez |
| Rigoberto | Mendoza |
| Jose | Merino |
| Ferenczi | Milan |
| Roberto | Miranda Garcia |
| Oscar | Moreno |
| Javier | Orea |
| Cesar | Padilla |
| Tereso | Padilla |
| Manuel | Pantaleon Herrera |
| Emmanuelle Barbery | Pedraza |
| Benjamin | Perez |
| Esteban | Perez |
| Jorge | Perez Valdez |
| Andjela | Petrovic |
| Herminio | Ramirez |
| Romeo Mauricio | Ramirez |
| Marcos | Regules |
| Jose | Rodriguez |
| Antonio | Rojas |
| Guide | Rome Del |
| Walberto | Ruiz |
| Misael | Santos |
| Matar | Seye |
| Besfort | Shala |
| Elena | Shcherbak |
| Joffre | Siguencia |
| Enrique | Siguencia Vega |
| Lorik | Smolica |
| Zlatan | Spiric |

| | |
|---|---|
| Wilson | Tacuri Montero |
| Carlos | Temaj |
| Lucas | Tenesaca |
| Alejandro | Torres |
| Mohammed Gias | Uddin |
| Miguel | Velasquez Martinez |
| Aleksander | Velic |
| Orlando | Villatoro |
| Veselin | Vujovic |