UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

Plaintiff,

- against -

MANNA 2ND AVENUE LLC dba GINA LA FORNARINA, MANNA MADISON AVENUE LLC dba GINA LA FORNARINA, MANNA AMSTERDAM AVENUE LLC dba GINA LA FORNARINA, MANNA LEXINGTON AVENUE LLC dba GINA LA FORNARINA, and PAOLA PEDRIGNANI, Individually and as Owner,

Defendants.

15 Civ. 4655 (JCF)

MEMORANDUM AND ORDER




JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The United States Secretary of Labor, Thomas E. Perez (the "Secretary"), brings this Fair Labor Standards Act action against Manna 2nd Avenue LLC, Manna Madison Avenue LLC, Manna Amsterdam Avenue LLC, Manna Lexington Avenue LLC, and Paola Pedrignani. Although the parties have cross-moved for partial summary judgment, the plaintiff has moved to strike all or parts of three declarations submitted by the defendants. For the reasons stated herein, the plaintiff's motion to strike is denied, but the plaintiff is granted leave to file a sur-reply.[1]

[1] I defer ruling on the summary judgment motions in favor of resolving the motion to strike and permitting the plaintiff to file a sur-reply. See American Civil Liberties Union v. Office of

Background

The four corporate defendants, at separate locations, operate as the restaurant Gina La Fornarina, and Ms. Pedrignani is the owner and has primary managerial control over the corporate entities. (Stipulation dated Aug. 24, 2016 ("Stip."), attached as Exh. 1 to Declaration of Amy Tai dated Sept. 16, 2016, ¶¶ 6-7; Defendants' Rule 56.1 Statement ("Def. 56.1 Statement"), ¶ 2). Igor Segota is the general manager. (Def. 56.1 Statement, ¶ 8).

The defendants jointly employ and regulate the employment of the restaurant employees, and at least some of the employees have worked for more than one of the corporate defendants in the same workweek and pay period. (Stip., ¶¶ 5, 10-11). The corporate defendants are Italian restaurants in Manhattan with a focus on pizza; they employ a variety of employees, including chefs, pizza chefs, dishwashers, salad makers, prep cooks, trainees, servers, bussers, runners, porters, general captains, hosts, baristas, and delivery people. (Amended Complaint, ¶¶ 4-7; The Secretary of Labor's Rule 56.1 Statement in Support of His Motion for Partial Summary Judgment, ¶ 31; Def. 56.1 Statement, ¶¶ 3, 5, 9). The pizza chefs are paid a fixed salary. (Def. 56.1 Statement, ¶ 16).

The Department of Labor began its investigation of the defendants in 2013 for violations of the FLSA overtime, minimum

---

the Director of National Intelligence, No. 10 Civ. 4419, 2011 WL 5563520, at *1 (S.D.N.Y. Nov. 15, 2011).

wage, and notice provisions that allegedly occurred from November 2010 to November 2013. (Def. 56.1 Statement, ¶ 17). After the parties were unable to resolve the matter, this action followed. (Def. 56.1 Statement, ¶¶ 18-21).

On September 16, 2016, the plaintiff moved for partial summary judgment on his overtime claims, and the defendants subsequently cross-moved for partial summary judgement on their affirmative defense that the pizza chefs are exempt from the overtime requirements. On October 14, the defendants filed a declaration from their counsel, Stephen D. Hans, opposing the plaintiff's motion for summary judgment,[2] and the Secretary filed a memorandum opposing the defendants' motion for summary judgment. On October 28, the Secretary filed a reply memorandum in support of his summary judgment motion. The same day, the defendants filed a reply declaration of Mr. Hans[3] accompanied by declarations from Mr. Segota and Ms. Pedrignani.

On November 10, 2016, the Secretary moved to strike the defendants' reply, arguing that it contains improper legal conclusions and improper factual assertions; the Secretary also

[2] In substance, this declaration is a memorandum of law opposing the Secretary's motion for summary judgment.

[3] This declaration appears to act as the defendants' reply memorandum of law, presenting arguments supporting the defendants' motion, and it also appears to include arguments opposing the Secretary's motion for summary judgment. The defendants did not separately file a reply memorandum of law.

moved to strike portions of Mr. Segota's and Ms. Pedrignani's declarations.

Discussion

A. Motion to Strike Portions of Non-Attorney Declarations

The plaintiff contends that portions of Mr. Segota's declaration must be stricken because they contradict prior deposition testimony; the plaintiff also seeks to strike portions of Mr. Segota's and Ms. Pedrignani's declarations on the ground that they attempt to introduce new factual contentions. (Plaintiff's Memorandum of Law in Support of His Motion to Strike Defendants' Reply Declaration ("Pl. Memo.") at 2).

1. Contradictory Statements

"[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." Hayes v. New York City Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1996). "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Id. (quoting Perma Research & Development Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969)). A court may strike declarations made in support of summary judgment if the declaration directly

and unequivocally contradicts previous deposition testimony. See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation, 117 F. Supp. 3d 276, 295 & n.147 (S.D.N.Y. 2015); Ventura v. Town of Manchester, No. 06 CV 630, 2008 WL 4080099, at *2 (D. Conn. Sept. 2, 2008); Perkins v. Memorial Sloane-Kettering Cancer Center, No. 02 Civ. 6493, 2005 WL 2453078, at *15 (S.D.N.Y. Sept. 30, 2005); see also SCF Arizona v. Wells Fargo Bank, N.A., No. 09 Civ. 9513, 2011 WL 3874889, at *4 (S.D.N.Y. Sept. 1, 2011) (in order to strike, it must be demonstrated that declaration in question directly contradicts declarant's own prior deposition testimony). The defendants contend that the declaration was "a clarification of the testimony." (Declaration of Stephen D. Hans dated Nov. 30, 2016 ("Hans 11/30/16 Decl."), ¶ 1).

The plaintiff seeks to strike the following sentences from paragraph two of Mr. Segota's declaration: "Unquestionably and without any doubt, when I referred to 'chef' or 'chefs,' I was referring to both our kitchen chef and our pizza chef. To me, they are one and the same with respect to the position." (Pl. Memo. at 6; Declaration of Igor Segota dated Oct. 27, 2016 ("Segota Decl."), attached as Exh. A to Declaration of Stephen D. Hans dated Oct. 27, 2016, ¶ 2). The plaintiff also seeks to strike the following paragraphs:

> 3. I would never distinguish between the pizza chef and the kitchen chef. The reason is that both attend the management meetings and both have made significant

> contributions and decisions in those meetings. The pizza chef has the exact same authority and position as the kitchen chef. The pizza chef orders food; distributes the work; discusses and makes decisions on the needs of the kitchen and so many other smaller but important decisions in running the restaurants.
>
> 8. PRIME DUTY -- When discussing primary duties, it is critical to point out that both the kitchen and pizza have a twofold primary duty because of a small kitchen. Those twofold duties are to run the kitchen and all the responsibilities for running the restaurant and making sure the entrees or the pizzas are produced. This is what they do. They cook and run it because there is no one else. I am moving around from place to place and cannot stay in one location to manage. I am not a kitchen person, and the need for two chefs who cook and manage is just absolutely required.
>
> 9. Management by the pizza chefs involves, among other things, the meetings, the hiring, and deciding on supplies. This is very important and critical to the effective running of the business. These two chefs do not split the duties, but rather, each one does it. Management is not just some of the time. It is a full time requirement by both the pizza and kitchen chef.

(Pl. Memo. at 6; Segota Decl., ¶¶ 3, 8-9).

In his March 9, 2016 deposition testimony, Mr. Segota stated, “Chef is the king” (Deposition of Igor Segota dated March 9, 2016 (“Segota Dep.”), attached as Exh. B to Declaration of Amy Tai dated Nov. 10, 2016, at 51), and he stated that there is only one chef at each restaurant (Segota Dep. at 51-53). When asked if there can “be only one chef at a time at each restaurant,” Mr. Segota replied, “I see one chef only.” (Segota Dep. at 52). Additionally, he stated, “[T]here is on the left side a pizza oven,

a pizza guy there. There is a chef."[4] (Segota Dep. at 81). He also stated that the chef is the "big kahuna" and "the boss," but his testimony was vague on whether the "pizza guy" was "under the chef in the hierarchy." (Segota Dep. at 84-85). He also stated, "Chef has his own team. So, you know, I see there a salad guy, I see there a dishwasher, prep guy, pizza people, you know." (Segota Dep. at 80).

When asked whether the "pizza guys" were chefs, he stated either that he was unsure or that they were not. (Segota Dep. at 87-88). Regarding a pizza chef's duties, the following colloquy took place:

> Q. Do the pizza guys have any jobs other than making pizza?
>
> A. I don't know.
>
> Q. Have you ever seen a pizza guy doing anything else other than making pizza?
>
> A. I don't know. It's a job. You know, he does his job. Pizza guy does the pizza job, right?
>
> Q. So you're –
>
> A. I don't know. Pizza simply require opening pizza, putting pizza in oven. Pizza is pizza.
>
> . . . .
>
> A. Pizza guy does the pizza.
>
> Q. Is that all you've ever seen the pizza guy do?
>
> A. Yeah.

---

[4] "Pizza guy" appears to refer to the pizza chefs.

(Segota Dep. at 98-99).

Although the Secretary contends that this testimony directly contradicts the October 28 declaration, the deposition testimony is not unequivocally at odds with the declaration. Mr. Segota would not have necessarily understood that the attorney was asking him about the management duties of the pizza chefs, as opposed to their culinary responsibilities. Additionally, though he stated one of the pizza chefs was not a chef, Mr. Segota could have meant that the pizza chef was not also a kitchen chef. While his deposition testimony is ambiguous and open to interpretation, it is not directly contradictory to his declaration. See Hayes, 84 F.3d at 620 (depositions that are only arguably contradictory is one reason to not strike); In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, MDL No. 1358, No. M21-88, 2014 WL 5088095, at *2 (S.D.N.Y. Sept. 22, 2014) (declining to strike declaration because it did not "flatly" contradict deposition).

2. New Evidence and Legal Arguments

The plaintiff contends that portions of Mr. Segota's and Ms. Pedrignani's declarations must be stricken because they contain facts not previously asserted; alternatively, the plaintiff seeks leave to file a sur-reply. A court may strike portions of reply submissions if they add new material that should have been included

in the opening papers, as long as the new material is not merely in response to a new issue raised by the opposition papers. See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden."); Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C., 513 F. Supp. 2d 18, 19-20 (S.D.N.Y. 2007). However, the "court has discretion in deciding whether to strike portions of [] reply papers," Aurora Loan Services, 513 F. Supp. 2d at 19 (citing Bayway Refining Co. v. Oxygenated Marketing and Trading A.G., 215 F.3d 219, 226 (2d Cir. 2000)), and -- to cure any potential prejudice -- the court may instead permit the aggrieved party to file a sur-reply, see Dixon v. NBCUniversal Media, LLC, 947 F. Supp. 2d 390, 397 (S.D.N.Y. 2013); Pagan v. Abbott Laboratories, Inc., 287 F.R.D. 139, 144 (E.D.N.Y. 2012); Revise Clothing, 687 F. Supp. 2d at 387. "Although it is 'plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden,' [the court] has discretion to consider documents filed in violation of procedural rules." Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C., No. 07 CV 612, 2011

WL 4529605, at *1 n.1 (E.D.N.Y. Sept. 28, 2011) (quoting Revise Clothing, 687 F. Supp. 2d at 387).

The defendants admit to including new material in their reply papers (Hans 11/30/16 Decl., ¶¶ 8, 11-13), and do not appear to be doing so to gain a procedural advantage. I will therefore allow the plaintiff to submit a sur-reply to cure any possible prejudice.

B. Motion to Strike Counsel's Reply Declaration

In response to the plaintiff's opposition to the defendants' motion for partial summary judgment, the defendants filed a declaration from their counsel. They did not separately file a reply memorandum of law. The plaintiff seeks to have the declaration stricken on the ground that it contains unsupported factual assertions, improper credibility arguments, and legal conclusions. A declaration supporting summary judgment must be made on personal knowledge. Fed. R. Civ. P. 56(c)(4); United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995); W.T. ex rel J.T. v. Board of Education of School District of New York City, 716 F. Supp. 2d 270, 284 (S.D.N.Y. 2010). "[A]ny declaration submitted to 'support or oppose a motion must . . . set out facts that would be admissible in evidence.'" Rund v. JPMorgan Chase Group Long Term Disability Plan, No. 10 Civ. 5284, 2012 WL 1108003, at *2 (S.D.N.Y. March 30, 2012) (alteration in original) (quoting Fed. R. Civ. P. 56(c)(4)). Indeed, "if a declaration improperly

includes unsupported facts, legal arguments, or evidence that is not otherwise admissible, it may be stricken at the court's discretion." Degelman Industries, Ltd. v. Pro-Tech Welding and Fabrication, Inc., No. 06 CV 6346, 2011 WL 6754053, at *2 (W.D.N.Y. May 31, 2011); see also Internet Law Library, Inc. v. Southridge Capital Management, LLC, No. 01 Civ. 6600, 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005) (striking attorney affidavit that was "more akin to a memorandum of law than to an attorney's affidavit"). However, a court may "simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." Pineda v. Masonry Construction, Inc., 831 F. Supp. 2d 666, 681 (S.D.N.Y. 2011) (quoting Doe v. National Board of Podiatric Medical Examiners, No. 03 Civ. 4034, 2004 WL 912599, at *4 (S.D.N.Y. April 29, 2004)).

The attorney declaration here clearly serves as the defendants' memorandum of law, and "this Court has discretion to consider documents filed in violation of procedural rules." Church & Dwight Co., 2011 WL 4529605, at *1 n.1. While I will decline to consider facts not based on personal knowledge, see Pacenza v. IBM Corp., 363 F. App'x 128, 130 (2d Cir. 2010), I will not strike the attorney declaration. Instead, I will consider the legal arguments raised there as I would a memorandum of law.

Conclusion

The plaintiff's motion to strike is therefore denied. The plaintiff may file a sur-reply within three weeks of the date of this Memorandum and Order.

SO ORDERED.

James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
December 27, 2016

Copies transmitted via ECF this date:

Amy Tai, Esq.
James Wong, Esq.
U.S. Department of Labor
201 Varick St., Room 983
New York, NY 10014

Stephen D. Hans, Esq.
Stephen D. Hans & Associates, PC
45-18 Court Square, Suite 403
Long Island City, NY 11101